```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

WENDY M. STEELE,

      Plaintiff,

v.                                                      Civil Action No. 5:11CV84
                                                                          (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

                         I.  <u>Procedural History</u>

      The plaintiff, Wendy M. Steele, protectively filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act.  After her claims were denied, the plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The plaintiff, represented by counsel, participated in a hearing on August 25, 2009, after which the ALJ issued an unfavorable decision to the plaintiff.  Specifically, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review, rendering the ALJ's decision final.  The plaintiff then filed a complaint in this Court to obtain judicial review of the final decision of the defendant, Michael J. Astrue, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g).

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  The plaintiff filed a motion for judgment on the pleadings and the defendant filed a motion for summary judgment.  Subsequently, the magistrate judge issued a report and recommendation recommending that the defendant's motion for summary judgment be granted and that the plaintiff's motion for judgment on the pleadings be denied.  Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  The plaintiff filed timely objections, to which the defendant replied.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Because the plaintiff filed objections, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objections were made.

### III. Discussion

In her motion for judgment on the pleadings, the plaintiff argues: (1) the ALJ failed to comply with SSR 96-8p in assessing her Residual Functional Capacity ("RFC"); and (2) the ALJ erred in not eliciting Vocational Expert ("VE") testimony with regard to the claimant's ability to perform her past relevant work, given the significant exertional and non-exertional limitations in her RFC. The plaintiff requests that the Court either reverse the Commissioner's decision or remand the case to the ALJ.

The defendant, in his motion for summary judgment, argues that the evidence fails to corroborate the plaintiff's assertion that she would have trouble maintaining work on a regular basis. Further, the defendant contends that the plaintiff failed to produce evidence that proves that she cannot perform her past relevant work.

After first reviewing the standard for disability and the five-step evaluation process for determining if a claimant is disabled, Magistrate Judge Joel's report and recommendation goes on to discuss the ALJ's findings and the decision of the Appeals Council. See 42 U.S.C. § 423(d)(2)(A) (defining disability); 20 C.F.R. § 404.1520 (explaining the five-step sequential evaluation process). Applying the law to the facts of this case, the

magistrate judge found that substantial evidence supports the Commissioner's decision.  With regard to the plaintiff's RFC, the magistrate judge held that the ALJ did comply with SSR 96-8p when making his assessment.  Additionally, the magistrate judge found that the ALJ was not required to further develop the testimony of the VE because the burden fell on the plaintiff to demonstrate that she is unable to perform her past relevant work as it is generally performed.

In her objections, the plaintiff contends that the defendant erred in finding that the given RFC is substantiated.  In support of this assertion, the plaintiff points to the testimony of Dr. Carver, who stated that the plaintiff's global assessment of functioning ("GAF") is a 50-55, which is in the serious to moderate range.  According to the plaintiff, a person assigned a GAF of 50-55 would certainly have some psychological limitations, which should have been considered in determining her RFC.  The plaintiff claims that the defendant relied on parts of Dr. Carver's testimony, but ignored the rest.

In his reply to the plaintiff's objections, the defendant first notes that the plaintiff failed to raise the GAF issue in her underlying brief in support of her motion for judgment on the pleadings.  Therefore, the defendant argues that for purposes of judicial review, the plaintiff has waived this issue. Even if this Court were to consider the plaintiff's GAF argument, the defendant

argues, it would find that it lacks merit. Citing to the testimony of Dr. Carver, the defendant contends that the plaintiff's GAF rating is not indicative of someone who has a work-impeding restriction in her ability to work.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mut. Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record and the parties' pleadings, and after a de novo review, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for DIB and SSI is supported by substantial evidence. This Court agrees that because the plaintiff failed to raise the issue of her GAF rating initially, it is waived. See Moseley v. Branker, 550 F.3d 312, 325 n.7 (4th Cir. 2008) (stating that as a general rule, arguments not specifically raised and addressed in opening brief, but raised for the first time in reply, are deemed waived) (citing

5

Cavallo v. State Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996)); see also Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994) ("As a general matter, it is inappropriate for courts reviewing appeals of agency decisions to consider arguments not raised before the administrative agency involved."). However, even considering the merits of the plaintiff's objection, this Court finds that a GAF rating of 50 to 55 does not substantiate the existence of an impairment that precludes the plaintiff from working. In fact, Dr. Carver's testimony supports the finding that the plaintiff would not have trouble maintaining work on a regular and consistent basis.

    Dr. Carver testified that the plaintiff has "mild chronic depression" that improved with the use of Celexa. (R. at 47-48.) The plaintiff has no history of psychological treatment (R. at 48) and her family physician, Dr. Witowski, did not refer her to a specialist for treatment of her depression. (R. at 42.) In the "Function Report - Adult" questionnaire, the plaintiff reported that her condition has not affected her concentration, ability to complete tasks, or her ability to follow instruction. (R. at 170.) In fact, the plaintiff reported that she engages in a wide range of daily activities such as housework, watering her flowers, fixing meals, shopping, and visiting with friends. (R. at 165-69.) The plaintiff identified no problem getting along with others and said that she handles stress by keeping herself busy. (R. at 171.)

Thus, the medical and non-medical evidence fails to reveal that the plaintiff would have trouble maintaining work, and her GAF rating alone does not contradict this finding. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV.   Conclusion

Based upon a *de novo* review, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 14) in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment (ECF No. 12) is GRANTED, the plaintiff's motion for judgment on the pleadings (ECF No. 11) is DENIED, and the decision of the Commissioner is AFFIRMED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    June 8, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE